**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KATHLEEN HONEYCUTT, | Case No. 1:17-cv-818 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Kathleen Honeycutt filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents a single claim of error for this Court's review. Defendant has filed a response, to which Plaintiff has filed no reply. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be affirmed, because it is supported by substantial evidence in the record as a whole.

**I. Summary of Administrative Record**

On April 22, 2014, Plaintiff filed an application for supplemental security income ("SSI"), alleging disability beginning June 17, 2012 based on a combination of cognitive, mental, and physical impairments. (Tr. 166-174). After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an administrative law judge ("ALJ"). On October 3, 2016, she appeared with counsel and gave testimony at a hearing before ALJ Anne Shaughnessy; her mother and a vocational expert also testified. On October 26, 2016, ALJ Shaughnessy determined that, despite severe

1

impairments of hypothyroidism, anxiety disorder, ADD, and borderline intellectual functioning, Plaintiff could continue to work, and was not entitled to SSI. (Tr. 20-28).

Plaintiff was just 19 years old on the date she filed her application, and remained in the "younger individual" age category on the date of the ALJ's decision. She has a high school education, and no past relevant work, although she testified that she works part-time. The ALJ acknowledged that Plaintiff's part-time position required a job coach and is not considered to be substantial gainful activity ("SGA"). (Tr. 22).

In a finding not challenged in this judicial appeal, the ALJ first determined that Plaintiff's impairments did not meet or medically equal any Listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, such that Plaintiff was entitled to a presumption of disability. (Tr. 22). Based on the record, the ALJ determined that Plaintiff continued to retain the residual functional capacity ("RFC") to perform medium level work with the following non-exertional restrictions:

> [S]he is further limited to never climbing ladders, ropes or scaffolds; avoiding all exposure to hazards; understanding, remembering, and carry[ing] out simple instructions; and she can have little to no interaction with the public.

(Tr. 25). Based upon the testimony of the vocational expert, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy, including the representative occupations of hand packager, floor waxer and kitchen helper. (Tr. 28). Therefore, the ALJ concluded that Plaintiff is not under a disability. The Appeals Council denied review, leading Plaintiff to file this judicial appeal.

In her Statement of Errors, Plaintiff argues that the ALJ erred in the assessment of Plaintiff's part-time job and in concluding that she was capable of "competitive employment." I find no reversible error.

2

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits

analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is Substantially Supported**

Plaintiff argues that the evidence in this case supports a conclusion that she cannot work full-time in competitive employment based on her mental limitations. Citing psychological test results from 2013, she notes that she receives assistance from the Butler County Board of Developmental Disabilities, including vocational services with Opportunities for Ohioans with Disabilities. In this judicial appeal, she maintains that the ALJ failed to adequately address the fact that she requires close supervision and ongoing support in order to maintain any work activity.

4

The ALJ's non-disability determination must stand if it is supported by substantial evidence in the record as a whole. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). Here, the record establishes that Plaintiff was identified as developmentally disabled and had an Individualized Education Plan ("IEP") during her school years. Following a psychological evaluation by Gene Harris, Ph.D. on October 10, 2013, the Butler County Board of Developmental Disabilities similarly found Plaintiff to be eligible for services. However, Social Security Regulations provide that a determination made by another agency concerning an individual's disability is not binding on the Commissioner, in part because other agencies rely on their own rules, which differ from social security regulations. *See* 20 C.F.R. § 416.904. Rather, an ALJ is required to make a disability determination based upon social security law and the record as a whole. *See generally, White v. Com'r of Soc. Sec.*, 2015 WL 470812 (6th Cir. 1985) (affirming denial of benefits notwithstanding receipt of services from board of developmental abilities).

Notably, Plaintiff did not argue before the ALJ and does not argue before this Court that she meets or medically equals Listing 12.05 for Intellectual Disability. (*See* Tr. 22, noting that Plaintiff had not so argued, and that no treating or examining physician had indicated that Plaintiff met or equaled any listing; *see also* Tr. 24, considering Listing 12.05). In fact, abundant case law confirms that many people with lower IQ scores than presented by Plaintiff herein remain capable of full-time work. *See, e.g., Thomas v. Com'r of Soc. Sec.*, 2010 WL 1254788 at *8 (N.D. Ohio March 24, 2010) (recognizing that many individuals with mild mental retardation are still able to work). Here, the ALJ specifically considered the evidence that Plaintiff's job was obtained with services provided by the Butler County BDD, including the receipt of transportation services to and from work. (Tr. 23).

5

The ALJ also considered and discussed the October 2013 opinions of Dr. Harris. (Tr. 25-26). Dr. Harris administered an IQ test, which revealed a full-scale IQ score of 84, placing Plaintiff in the borderline to low average range of overall intelligence, despite a "great deal of variability" among her subtests. (Tr. 390; *see generally* Tr. 389-392). That full scale score was significantly higher than a prior full-scale score of 68 obtained in 2008. Dr. Harris also evaluated Vineland Adaptive Behavior scales completed by Plaintiff's mother. Dr. Harris concluded that Plaintiff had made excellent progress in her overall intellectual functioning but remained "significantly impaired" in her overall adaptive skills due to Attention Deficit Disorder, Predominantly Inattentive Type, and Borderline Intellectual Functioning. (Tr. 392). Still, Dr. Harris's overall assessment was that Plaintiff is "operating within the 'Borderline to Low Average' range of overall intelligence" with only a "'Mild Deficit' in her overall adaptive skills." (Tr. 391). Dr. Harris offered no opinions concerning any specific functional limitations but opined that Plaintiff's Global Assessment of Functioning ("GAF") was 68. The ALJ gave that limited GAF opinion only "some weight," reasoning that "a GAF in the 'mild' range is not consistent with Dr. Harris's finding of deficits in adaptive skills." (Tr. 26).

At the hearing, Plaintiff testified that she works as a part-time janitor at the hospital where her mother has worked as a nurse for more than ten years. Plaintiff's mother further testified that she learned of the job opening through her work and encouraged her daughter to apply. Both Plaintiff and her mother testified that a second individual employed in the same position also is developmentally disabled. Both witnesses further testified that Plaintiff cannot work full-time because she becomes tired after 4 hours, and has difficulty focusing. (Tr. 25).

6

At Step 1 of the sequential evaluation, the ALJ acknowledged that Plaintiff's 20-hour per week job does not constitute substantial gainful activity, both because it is part-time, and because she learned the skills of that position with the assistance of a job coach. (Tr. 22). Before this Court, Plaintiff argues the ALJ erred by stating later in the same opinion that she is "successfully performing part-time work without any apparent difficulties." (Tr. 26). The vocational expert testified that when a job coach or close supervision is required, the work does not constitute competitive employment. (Tr. 63-64).

The undersigned finds no impropriety or reversible error in the ALJ's analysis of Plaintiff's part-time job, which is but one piece of the substantial amount of uncontested evidence in the record that supports the ALJ's non-disability determination. It is clear from the opinion that the ALJ did not rely exclusively on Plaintiff's part-time job or give it undue weight. The ALJ expressly recognized that the job did not constitute "competitive" employment or SGA. However, the ALJ relied on a significant amount of other evidence in the record that supported the determination that Plaintiff is capable of competitive employment, notwithstanding her failure to obtain such employment to date. *Contrast Boyes v. Sec'y of HHS*, 46 F.3d 510 (6th Cir. 1984) (reversing and remanding for award of benefits where ALJ improperly determined that individual with full-scale IQ of 59 was engaged in SGA, despite evidence that his work as a roadside rest cleaner was performed through a sheltered workshop environment, that he was less than half as productive as his peers, and that he required constant on-site supervision).

Having recognized that the position was not SGA, the ALJ was not required to wholly ignore the fact that Plaintiff was successful in that job. In addition to reviewing Plaintiff's performance in that position, the ALJ discussed a June 2014 comprehensive

7

assessment from Opportunities for Ohioans with Disabilities that set forth Plaintiff's work-related abilities. (Tr. 23, 340-341). That assessment showed that Plaintiff: (a) had marketable skills in record keeping, attention to detail, keyboarding, and numerical sorting; (b) demonstrated the ability to learn Microsoft Office; (c) was 100% accurate on data entry and numeric drills; (d) exhibited strong calculator skills; and (e) was deemed competitive in retail work. (*Id.*) In fact, the county agency identified Plaintiff's skill set as compatible with work as a cashier.

The ALJ also considered and gave appropriate weight to the medical opinion evidence, which included opinions from one examining consultant and two reviewing consultants. (Tr. 23-27). In August 2014, examining psychologist Dr. DeLuca found that Plaintiff reported a full range of activities of daily living with family support and showed adequate basic cognitive skills. Dr. DeLuca further opined that Plaintiff could learn and carry out one and two step tasks, appeared capable of relating appropriately with supervisors and coworkers, and feared being in public due to anxiety. (Tr. 25-26, citing Tr. 528-533). State consulting psychologists Drs. Tangeman and Hoffman agreed that Plaintiff could perform simple tasks and had no more than mild limitations in conducting activities of daily living, mild limitations in maintaining social functioning, and moderate limitations in maintaining concentration, persistence, or pace. (Tr. 26-27; *see also* Tr. 70-71, 75, 83-84, 88). The ALJ gave "great weight" to these opinions, noting that Dr. DeLuca's examination occurred after Plaintiff submitted her SSI application, that her findings were consistent with her clinical observations, and that the findings supported the later opinions of the reviewing consultants. (Tr. 26-27).

Last but not least, the ALJ addressed Plaintiff's own statements and her limited mental health treatment. (Tr. 26). Plaintiff reportedly was doing well without ADD

8

medication, and the record did not reveal a single psychiatric hospitalization or episode of decompensation. (Tr. 24). Ultimately, the ALJ alone is responsible for determining what limitations to include in an individual's residual functional capacity. *See* 20 C.F.R. § 404.1546(c); *Ford v. Com'r of Soc. Sec.*, 114 Fed. App. 194, 197 (6th Cir. 2004). If the hypothetical RFC formulated by the ALJ is supported by the record, a vocational expert's testimony that an individual can engage in a substantial number of jobs will constitute substantial evidence to support the non-disability determination. *Varley v. Sec'y of HHS*, 820 F.2d 777 (6th Cir. 1987). Based on the record as a whole, the undersigned finds the ALJ's RFC determination to be substantially supported. Because a vocational expert testified that a person with Plaintiff's RFC would be capable of engaging in full-time work, the ALJ's non-disability determination likewise is substantially supported.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be **AFFIRMED** as supported by substantial evidence, and that this case be **CLOSED.**

                                                 */s Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KATHLEEN HONEYCUTT, | Case No. 1:17-cv-818 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).